IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

WTT, INC. t/a RADIUS®              :
7700 Wisconsin Avenue             :
Suite 400                         :
Bethesda, MD  20814-4408          :
                                  :
        Plaintiff,                :
                                  :
v.                                :        Case No.:
                                  :
VIAJES EL CORTE INGLES, S.A.      :        V 345 055
Avda. Cantabria 51                :
28042 Madrid (Spain)              :
                                  :
SERVE:     MANAGING DIRECTOR      :
           VIAJES EL CORTE INGLES, S.A. :
           Avda. Cantabria 51     :
           28042 Madrid (Spain)   :
and                               :
                                  :
VIAJES EL CORTE INGLES, INC.      :
500 Fifth Avenue, Suite 1730      :
New York, NY 10110                :
                                  :
SERVE:     James L. Berenthal,    :
           317 Madison Avenue, Suite 405 :
           New York, NY 10017     :
                                  :
and                               :
                                  :
HOGG ROBINSON GROUP, PLC T/A HRG  :
Global House                      :
Victoria Street,                  :
Basingstoke, Hampshire            :
RG21 3BT, UK                      :
                                  :
SERVE:     Keith Burgess, General Counsel :
           Global House           :
           Victoria Street        :
           Basingstoke, Hampshire :
           RG21 3BT, UK           :
and                               :
                                  :

RECEIVED

MAR 11 2011

Clerk of the Circuit Court
Montgomery County, Md.

HOGG ROBINSON USA, LLC                    :
t/a HRG NORTH AMERICA                     :
1 South Street, 15th Floor                :
Baltimore, Maryland 21202                 :
                                          :
Serve: CSC-LAWYERS INCORPORATING          :
              SERVICE COMPANY             :
              7 ST. PAUL STREET           :
              SUITE 1660                  :
              BALTIMORE, MD  21202        :
                                          :
       Defendants.                        :

## COMPLAINT

COMES NOW Plaintiff WTT, Inc. t/a RADIUS – the global travel company® by and through the undersigned counsel, and as and for its Complaint against the Defendants: Viajes El Corte Ingles, S.A.; Viajes El Corte Ingles, Inc.; Hogg Robinson Group, PLC t/a HRG; and Hogg Robinson USA, LLC t/a HRG North America, states as follows:

## THE PARTIES

1.      Plaintiff WTT, Inc. t/a RADIUS – the global travel company® ("Plaintiff" or "RADIUS®") is a Delaware Corporation, qualified to transact business in the State of Maryland.  RADIUS® provides worldwide business related travel services through its agency network affiliates, many of which are shareholders of the company ("Participants").

2.      Viajes El Corte Ingles, S.A. is the travel management arm of a large Spanish business group, El Corte Ingles, Inc., and a shareholder in RADIUS®.  Upon information and belief, Viajes El Corte Ingles, S.A operates in the United States as Viajes El Corte Ingles, Inc. Viajes El Corte Ingles, S.A and Viajes El Corte Ingles, Inc. are collectively referred to herein as ("ECI").

3.      Hogg Robinson Group, PLC t/a HRG is registered and incorporated in England.  Upon information and belief, Hogg Robinson Group, PLC t/a HRG operates in the

2

United States as Hogg Robinson USA, LLC t/a HRG North America, a New York limited liability company qualified to transact business in the State of Maryland.  Hogg Robinson Group, PLC and Hogg Robinson USA, LLC are collectively referred to herein as ("HRG"). HRG is a direct competitor of RADIUS®.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over ECI pursuant to ECI's agreement by contract to submit to the jurisdiction of Maryland courts.

5.     This Court has jurisdiction over both ECI and HRG pursuant to Maryland Ann. Code, Courts & Judicial Proceedings § 6-103(b)(1), (4).

6.     Venue is proper in this Court because ECI agreed by contract to submit to the venue chosen by RADIUS®.

7.     As ECI may be sued in Montgomery County, venue is also proper in Montgomery County as to HRG, pursuant to Maryland Ann. Code, Courts & Judicial Proceedings § 6-201(b).

## FACTS COMMON TO ALL COUNTS

8.     RADIUS® is in the business of providing industry leading travel and travel related services to its Participants, multinational corporations, and the clients of certain of its Participants.

9.     In order to provide the best worldwide travel services and support to its clients, RADIUS® has built a network of leading travel management agencies throughout the world under the RADIUS® service mark.

10.     The travel agencies that are members of RADIUS®' network obtain the benefits that a global travel management company can offer, such as access to RADIUS®'

Hotel program, access to RADIUS®Net, the benefit of negotiated supplier programs, both corporate and leisure, the opportunity to attend meetings and forums to facilitate information exchange, Participant networking opportunities, the benefit of marketing and public relations support, global business development opportunities, training opportunities, Seven (7) days per week, twenty-four (24) hours per day, emergency telephone service through RADIUS® preferred suppliers, and the potential for the continual creation of innovative products and services.

11.     In return, RADIUS® benefits from the local expertise, resources, reputation, and contacts that the Participants can offer in specific locations or regions.

12.     To promote and market its network, RADIUS® grants the Participants a license to use the RADIUS® service marks and requires the Participants to market a co-brand of the Participant and RADIUS®.

13.     The Participants pay certain fees and assessments to RADIUS® in return for being a member of RADIUS®' network.

14.     At all material times prior to 2007, RADIUS® built its network by awarding its Participants shares of RADIUS® stock, with each Participant signing a RADIUS® shareholder agreement.

15.     RADIUS® then created a business development group, where the shareholders and RADIUS® agreed to work in unison to pursue multinational opportunities. To further this venture, the shareholders agreed to abide by certain codes of conduct, practices, and procedures. Each shareholder signed a Business Development Addendum to the RADIUS® Shareholder Agreement.

4

16.     ECI is the travel management arm of El Corte Ingles, which is one of the five (5) largest business groups in Spain.

17.     Given the size and reputation of its parent company, ECI is the premier travel management company in Spain.

18.     In addition to having offices in all Spanish provinces, ECI also has offices in Argentina, Belgium, Chile, Cuba, France, Italy, Mexico, Peru, Portugal, and the United States.

19.     ECI has two (2) offices in the United States, one (1) in New York, New York and one (1) in Miami, Florida.

20.     In addition to its physical offices, ECI provides travel services and bookings *via* telephone and its website, http://www.ECIVacations.com.

21.     ECI provides travel related services to business and individuals in Maryland for domestic and international travel.

22.     ECI became a Participant/shareholder in the RADIUS® network in or about 2002.

23.     In 2003, ECI entered into its most recent shareholder agreement with RADIUS®.  Attached hereto as Exhibit A is a true and correct copy of the 2003 RADIUS® Shareholder Agreement ("2003 SA").

24.     ECI also signed the Business Development Addendum to the 2003 SA. Attached hereto as Exhibit B is a true and correct copy of the Business Development Addendum to the 2003 SA.

25.     The 2003 SA contemplates the adoption of subsequent agreements by the RADIUS® board of directors, providing: "Should the board of directors of [RADIUS®]

determine at a duly constituted meeting that: (i) [RADIUS®'] standard Shareholder Agreement is no longer effective in its then current form to attain the objectives of [RADIUS®]; and (ii) all new and existing Shareholders must execute new or amended Shareholder Agreements (including Addendums if applicable) that contain provisions that have been approved by the board of directors, then Shareholder shall execute a new or amended Agreement in the time determined by the board of directors for its adoption." *See* 2003 SA § 14.

26.     In 2006, the RADIUS® board of directors implemented a new measure to further its transformation from an organization of travel management companies to a "fully competitive global company in its own right."

27.     In 2007, RADIUS® conducted a private placement offering to its existing shareholders, which was recorded on June 18, 2007.

28.     The offering documents included a Shareholder Participation and Licensing Agreement and a Business Development Addendum, both of which were adopted by the Board of Directors of RADIUS®.   True and correct copies of the Shareholder Participation and Licensing Agreement ("PLA") and Business Development Addendum to the PLA ("BD Addendum") are attached hereto as Exhibits "C" and "D", respectively.

29.     Ultimately, ECI acquired ten (10) shares of common nonvoting stock in RADIUS®.

30.     By virtue of the 2003 SA, the PLA and BD Addendum are binding on ECI.

31.     Although ECI failed to sign the PLA and the BD Addendum, ECI continued to accept the benefits and burdens of its relationship with RADIUS® and its status as a RADIUS® shareholder and Participant.

6

32.     The PLA prohibits ECI from belonging to any organization that competes with RADIUS® during the term of the PLA. *See* PLA § 2.

33.     The term of the PLA is five (5) years, with an additional five (5) year renewal term, unless terminated earlier by either party pursuant to the terms of the PLA. *See* PLA § 10.

34.     Once a Participant, such as ECI, terminates the PLA by providing Notice to RADIUS® of its desire to terminate, the PLA terminates "immediately following the expiration of the Notice Period." *See* PLA § 12.

35.     The Notice Period is "[a] period of two years from the date of written Notice being given by one Party of this Agreement to the other Party of this Agreement." *See* PLA § 27(l).

36.     In addition, the PLA prohibits ECI from disclosing RADIUS®' confidential information for as long as ECI is a Participant of RADIUS® and for two (2) years after termination of its status as a Participant. *See* PLA §§ 8, 9.

37.     On May 3, 2010, ECI notified RADIUS® that ECI was terminating its relationship with RADIUS® "from this date on."

38.     In conversations with ECI, RADIUS® learned that ECI planned to immediately affiliate with HRG, a direct competitor of RADIUS®.

39.     HRG also provides international corporate travel services through both its wholly owned travel management company and a network of contracted partners.

40.     Upon information and belief, HRG has offices in twenty (20) countries, including an office in New York, New York, and HRG's network extends to approximately 120 countries.

7

41.   HRG has a website, http://www.hrgworldwide.com, through which it markets and provides corporate travel management, consulting, events and meetings management, sports consulting, and expense management.

42.   Upon information and belief, HRG provides these services to individuals and businesses in Maryland.

43.   As competitors, RADIUS® and HRG often bid on the same travel related projects and contracts for international companies.

44.   ECI has refused to pay the outstanding RADIUS® invoices, which currently total $137,622.68.

45.   In addition to ECI's failure to pay the outstanding invoices, ECI's termination of its relationship with RADIUS®, in violation of the PLA, has caused RADIUS® to lose significant revenue.

46.   For example, around the time that ECI terminated its relationship with RADIUS®, both RADIUS® and HRG were bidding on an international contract with Aviva, a large insurance company that spends approximately $40 million per year on travel services.

47.   As a result of ECI's new affiliation with HRG, HRG was awarded the contract from Aviva.

48.   As a result of the loss of the Aviva contract, RADIUS® lost approximately $153,000 per year in revenue.  RADIUS®' other Participants lost approximately $1 million in revenue.

49.   Finally, as a shareholder of RADIUS® and a Participant in RADIUS®' international business development strategy, ECI was privy to confidential information, as defined by the PLA, and trade secrets.

8

50.     Upon information and belief, ECI disclosed this confidential information to HRG.

51.     This unlawful disclosure allowed HRG and ECI an unfair advantage in competing with RADIUS® and damaged RADIUS®.

## COUNT I
## BREACH OF CONTRACT

52.     RADIUS® incorporates herein by reference paragraphs 1 - 50 as if fully set forth herein.

53.     ECI is bound by the PLA.

54.     The PLA provides, *inter alia,* that ECI shall not belong to an organization that competes with RADIUS® during the term of the agreement.

55.     The term of the PLA was through May 3, 2012.

56.     ECI breached this duty by affiliating with HRG, a competitor of RADIUS®, in or around May 2010.

57.     In addition, the PLA provides that ECI shall not provide confidential information to any third parties during the time that ECI is a RADIUS® Participant and for a period of two (2) years thereafter.

58.     Upon information and belief, ECI disclosed confidential information to HRG.

59.     Finally, ECI breached its duty under the PLA to pay the fees charged by RADIUS® within thirty (30) days of the date of an invoice from RADIUS® to ECI. *See* PLA § 4.

60.     As a proximate cause of ECI's numerous breaches of its contract with RADIUS®, RADIUS® suffered damage, including but not limited to the loss of revenue that RADIUS® would have received from projects awarded to HRG as a result of its affiliation

9

with ECI, such as the Aviva contract, the loss of its investment in its confidential information, data, technology, processes, and procedures, as it was disclosed to HRG by ECI, and the loss of the fees and assessments that ECI has failed to pay.

WHEREFORE, WTT, Inc. d/b/a RADIUS® demands judgment against Viajes El Corte Ingles, S.A. and Viajes El Corte Ingles, Inc., jointly and severally, in the sum of not less than $1 million, plus pre- and post- judgment interest, attorney's fees, and costs of this action.

**COUNT II**
**BREACH OF CONTRACT – BREACH OF FIDUCIARY DUTY**

61.     RADIUS® incorporates herein by reference paragraphs 1 - 60 as if fully set forth herein.

62.     A fiduciary relationship existed between RADIUS® and ECI, such that ECI owed a duty of loyalty, good faith, and fair dealing to RADIUS®, as well as duty not to injure RADIUS®.

63.     ECI breached this fiduciary duty by, *inter alia*, wrongfully terminating its relationship with RADIUS®, immediately affiliating with HRG, a competitor of RADIUS®, disclosing to HRG the confidential information of RADIUS®, and assisting HRG to acquire the corporate opportunities of RADIUS®, such as the Aviva contract.

64.     As a proximate result of ECI's breach of its fiduciary duty to RADIUS®, RADIUS® suffered damages.

WHEREFORE, WTT, Inc. d/b/a RADIUS® demands judgment against Viajes El Corte Ingles, S.A. and Viajes El Corte Ingles, Inc., jointly and severally, in the sum of not less than $1 million, plus pre- and post- judgment interest, attorney's fees, and costs of this action.

## COUNT III
## UNJUST ENRICHMENT

65. RADIUS® incorporates herein by reference paragraphs 1 - 64 as if fully set forth herein.

66. The services provided by RADIUS® to ECI pursuant to the relationship between the parties conferred a benefit upon ECI.

67. ECI was aware of, and had knowledge of, the benefits conferred upon it by RADIUS®.

68. Despite requests for payment by ECI for the benefits that ECI received, including but not limited to the outstanding RADIUS® invoices, ECI has failed and refused to pay RADIUS®.

69. ECI's acceptance and retention of the benefit under such circumstances makes it inequitable for ECI to retain the benefits without payment of its value.

WHEREFORE, WTT, Inc. d/b/a RADIUS® demands judgment against Viajes El Corte Ingles, S.A. and Viajes El Corte Ingles, Inc., jointly and severally, in the sum of not less than $1 million, plus pre- and post- judgment interest, attorney's fees, and costs of this action.

## COUNT IV
## PROMISSORY ESTOPPEL

70. RADIUS® incorporates herein by reference paragraphs 1 - 69 as if fully set forth herein.

71. ECI promised to provide RADIUS® two (2) years' notice of any termination prior to affiliating with any competitor of RADIUS®.

72.     RADIUS® relied on this promise by investing in its relationship with ECI and acting on financial projections made by taking into account the relationship between RADIUS® and ECI.

73.     ECI reasonably expected that its promise would induce action or forbearance by RADIUS®.

74.     ECI's promise did induce actual and reasonable action or forbearance by RADIUS®.

75.     The resulting detriment to RADIUS® can only be avoided by enforcing ECI's promise.

WHEREFORE, WTT, Inc. d/b/a RADIUS® demands judgment against Viajes El Corte Ingles, S.A. and Viajes El Corte Ingles, Inc., jointly and severally, in the sum of not less than $1 million, plus pre- and post- judgment interest, attorney's fees, and costs of this action.

## COUNT V
## TORTIOUS INTERFERENCE WITH A CONTRACT

76.     RADIUS® incorporates herein by reference paragraphs 1 - 75 as if fully set forth herein.

77.     HRG knew of the contractual relationship between RADIUS® and ECI.

78.     HRG intentionally and improperly induced ECI to breach its contract with RADIUS® or otherwise made it impossible for ECI to perform its contract with RADIUS®.

79.     ECI subsequently did breach its contract with RADIUS®, by improperly terminating its relationship with RADIUS®, becoming affiliated with HRG, and disclosing confidential information to HRG.

80.     As a proximate result of ECI's breach of its contract with RADIUS®, RADIUS® suffered damage.

12

WHEREFORE, WTT, Inc. d/b/a RADIUS® demands judgment against Hogg Robinson Group, PLC t/a HRG and Hogg Robinson USA, LLC t/a HRG North America, jointly and severally, in the sum of not less than $1 million, plus pre- and post- judgment interest, attorney's fees, and costs of this action.

## COUNT VI
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

81.    RADIUS® incorporates herein by reference paragraph 1 - 80 as if fully set forth herein.

82.    RADIUS® provides travel and travel related services to multinational corporations and the clients of certain travel management services.

83.    HRG is a competitor of RADIUS®.

84.    In or around 2010, HRG induced ECI to breach its contract with RADIUS® and affiliate with HRG.

85.    HRG then used its new relationship with ECI to obtain awards for contracts for which HRG was competing with RADIUS®.

86.    The conduct of HRG was intentional, willful, and calculated to cause damage to RADIUS®' lawful business.

87.    HRG's conduct was perpetrated with the intentional and improper purpose of causing damage to RADIUS® and was without justifiable cause.

88.    As a result of HRG's conduct, RADIUS® lost certain projects and customers, including but not limited to the Aviva contract.

89.    As a result of HRG's conduct and actions, RADIUS® has suffered and will continue to suffer lost profits and other consequential damages.

13

WHEREFORE, WTT, Inc. d/b/a RADIUS® demands judgment against Hogg Robinson Group, PLC t/a HRG and Hogg Robinson USA, LLC t/a HRG North America, jointly and severally, in the sum of not less than $1 million, plus pre- and post- judgment interest, attorney's fees, and costs of this action.

**COUNT VII**
**MARYLAND UNIFORM TRADE SECRETS ACT**

90.     RADIUS® incorporates herein by reference paragraph 1 - 89 as if fully set forth herein.

91.     As a shareholder and Participant of RADIUS®, ECI became privy to certain confidential information, including but not limited to "matters relating to any of [RADIUS®'] multinational customers, programs or policies, including but not limited to Supplier Products or the identities of Preferred Suppliers", pricing, technology, data, marketing strategies, and other information designated as confidential by RADIUS®. *See* PLA § 8.

92.     This confidential information constitutes trade secrets under the Maryland Uniform Trade Secrets Act, Maryland Ann. Code, Commercial Law § 11-1201, *et seq.*

93.     RADIUS® protected these trade secrets, *inter alia*, by requiring that each RADIUS® Participant agree to a nondisclosure provision.

94.     In breach of the nondisclosure provisions of the PLA and the Maryland Uniform Trade Secrets Act, ECI disclosed the trade secrets to HRG.

95.     HRG acquired the trade secrets of RADIUS® from ECI and knew or had reason to know that the trade secrets were acquired by improper means.

96.     HRG's and ECI's misappropriation was willful and malicious.

97.     HRG and ECI have used the confidential information and trade secrets of RADIUS® to their benefit and to the detriment of RADIUS®.

14

98.     Section 11-1202 of the Maryland Uniform Trade Secrets Act provides for injunctive relief.

WHEREFORE, WTT, Inc. d/b/a RADIUS® demands judgment against Viajes El Corte Ingles, S.A., Viajes El Corte Ingles, Inc., Hogg Robinson Group, PLC t/a HRG, and Hogg Robinson USA, LLC t/a HRG North America, jointly and severally, in the sum of not less than $1 million, plus pre- and post- judgment interest, attorney's fees, and costs of this action, and the entry of a preliminary and permanent injunction enjoining Viajes El Corte Ingles, S.A., Viajes El Corte Ingles, Inc., Hogg Robinson Group, PLC t/a HRG, and Hogg Robinson USA, LLC t/a HRG North America from using the trade secrets of RADIUS® to their benefit, and compelling Viajes El Corte Ingles, S.A., Viajes El Corte Ingles, Inc., Hogg Robinson Group, PLC t/a HRG, and Hogg Robinson USA, LLC t/a HRG North America to take affirmative acts to protect the trade secrets of RADIUS® in the future.

<u>COUNT VIII</u>
<u>INDEMNIFICATION</u>

99.     RADIUS® incorporates herein by reference paragraph 1 - 98 as if fully set forth herein.

100.    The PLA provides:

Each Party shall indemnify and defend the other Party ("The Indemnified Party"), its directors, officers, employees and agents, against and hold them harmless from any liability, damage, cost or expense (including reasonable attorneys' fees and court costs) resulting from any claim made by any third party arising out of or attributable to any breach of this Agreement or the intentional or negligent act or omission by either party, their employees, or their permitted subcontractors, assigned and agents except where such claims result from negligence, intentional act, or recklessness on the part of The Indemnified Party, or any of its officers, agents, employees, subcontractors and/or assignees.

PLA § 16.

15

101.    As a result of ECI's intentional and/or negligent acts and/or omissions, as alleged herein, such as the wrongful termination of ECI's relationship with RADIUS®, wrongful affiliation of ECI with HRG, and disclosure by ECI to HRG of RADIUS®' confidential information and/or trade secrets, RADIUS® suffered damages, costs, and expenses, including but not limited attorney's fees.

WHEREFORE, WTT, Inc. d/b/a RADIUS® demands judgment against Viajes El Corte Ingles, S.A. and Viajes El Corte Ingles, Inc., jointly and severally, in the sum of not less than $1 million, plus pre- and post- judgment interest, attorney's fees, and costs of this action.

## COUNT IX
## ACCOUNTING

102.    RADIUS® incorporates herein by reference paragraph 1 - 101 as if fully set forth herein.

103.    As a Participant in the RADIUS® network and pursuant to the PLA, ECI is under a legal duty to account for all revenue received as a result of ECI's access to RADIUS'® confidential information and ECI's disclosure of RADIUS'® confidential information to HRG, all revenue received as a result of ECI's affiliation with HRG in violation of the PLA, and all revenue received as a result of the Aviva contract.

104.    ECI has failed to render such an account.

WHEREFORE, WTT, Inc. d/b/a RADIUS® respectfully requests that Viajes El Corte Ingles, S.A. and Viajes El Corte Ingles, Inc. be ordered to fully and completely account for the finances of Viajes El Corte Ingles, S.A. and Viajes El Corte Ingles, Inc. to trace and recover the revenue that ECI received as a result of ECI's access to RADIUS'® confidential information and disclosure of such confidential information to HRG, all revenue received as a

result of ECI's affiliation with HRG in violation of the PLA, and all revenue received as a result of the Aviva contract.

**COUNT X**
**CONSTRUCTIVE TRUST**

105.   RADIUS® incorporates herein by reference paragraph 1 - 104 as if fully set forth herein.

106.   There is a confidential relationship between RADIUS® and ECI.

107.   RADIUS® has a good and equitable claim to the money that ECI received as a result of ECI's access to RADIUS®' confidential information and ECI's disclosure of RADIUS®' confidential information to HRG, all revenue received as a result of ECI's affiliation with HRG in violation of the PLA, and all revenue received as a result of the Aviva contract.

108.   ECI acquired these funds through its wrongful acts, such as affiliating with a competitor of RADIUS®, disclosing the confidential information of RADIUS® to a competitor of RADIUS®, and usurping the corporate opportunity of RADIUS®, in breach of ECI's confidential relationship with RADIUS®.

109.   The circumstances render it inequitable for ECI to retain the beneficial interest of these funds.

WHEREFORE, WTT, Inc. d/b/a RADIUS® requests that the Court charge upon Viajes El Corte Ingles, S.A. and Viajes El Corte Ingles, Inc., jointly and severally, a constructive trust of this property for the benefit of WTT, Inc. d/b/a RADIUS® as constructive trustees to convey all of their right, title, and interest in the property to WTT, Inc. d/b/a RADIUS®, free from all liens, mortgages, and encumbrances, and such other and further relief as to this Court shall appear just and proper.

17

## COUNT XI
## INJUNCTION

110.    RADIUS® incorporates herein by reference paragraph 1 - 109 as if fully set forth herein.

111.    ECI's affiliation with HRG and ECI's disclosure of confidential information and/or trade secrets to HRG constitute a breach of the PLA, a breach of ECI's fiduciary duties to RADIUS®, and a violation of the Maryland Uniform Trade Secrets Act.

112.    Unless ECI is restrained from affiliating with HRG and disclosing RADIUS®' confidential information and/or trade secrets until the end of the term of the PLA, May 3, 2012, RADIUS® will suffer immediate, substantial and irreparable injury.

113.    The benefits to RADIUS® in obtaining injunctive relief are equal to or outweigh the potential harm that ECI and HRG would incur if this Court grants the requested injunctive relief.

114.    The public interest is best served by granting the injunction.

115.    Pursuant to the PLA, ECI acknowledged that "the remedies available to [RADIUS®] set forth in the [PLA] are not exclusive and that monetary damages may be difficult to assess and therefore agree[d] that [RADIUS®] may recover any and all types of damages as provided for by law or equity arising out of [ECI's] breach of any provision of [the PLA]." *See* PLA 15.

116.    Further, the Maryland Uniform Trade Secrets Act provides for injunctive relief.

WHEREFORE, WTT, Inc. d/b/a RADIUS® demands the entry of a preliminary and permanent injunction against Viajes El Corte Ingles, S.A., Viajes El Corte Ingles, Inc., Hogg Robinson Group, PLC t/a HRG, and Hogg Robinson USA, LLC t/a HRG North America,

18

jointly and severally, prohibiting Viajes El Corte Ingles, S.A., Viajes El Corte Ingles, Inc., Hogg Robinson Group, PLC t/a HRG, and Hogg Robinson USA, LLC t/a HRG North America, jointly and severally, from disclosing the confidential information and/or trade secrets of RADIUS® and from using the confidential information and trade secrets of RADIUS® to their benefit and compelling Viajes El Corte Ingles, S.A., Viajes El Corte Ingles, Inc., Hogg Robinson Group, PLC t/a HRG, and Hogg Robinson USA, LLC t/a HRG North America, jointly and severally to take affirmative acts to protect against the disclosure of RADIUS®' confidential information and/or trade secrets of RADIUS® in the future; and prohibiting Viajes El Corte Ingles, S.A., Viajes El Corte Ingles, Inc. from associating with Hogg Robinson Group, PLC t/a HRG, and Hogg Robinson USA, LLC t/a HRG North America, jointly and severally, during the term of the PLA.

### JURY DEMAND

Plaintiff demands trial by jury on all matters stated herein.

Respectfully submitted,

Elyse L. Strickland, Esquire
Catherine H. McQueen, Esquire
Selzer Gurvitch Rabin Wertheimer Polott
Obecny & Strickland, P.C.
4416 East West Highway, 4th Floor
Bethesda, Maryland  20814-4568
(301) 986-9600
*Counsel for Plaintiff*

19